**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Perry Brian Oshiro,<br><br>    Plaintiff,<br><br> v.<br><br>M. Bachman<br>    Defendant. | Case No. 2:22-cv-02100-APG-BNW<br><br>**SCREENING ORDER** |

Clark County Detention Center inmate Perry Oshiro brings this civil-rights case under 42 U.S.C. § 1983 for events that allegedly occurred during his arrest on November 3, 2022. Oshiro moves to proceed *in forma pauperis*. ECF No. 4. Oshiro submitted the declaration required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. Oshiro's request to proceed *in forma pauperis*, therefore, will be granted. The Court now screens Oshiro's complaint (ECF No. 1-1) as required by 28 U.S.C. §§ 1915(e)(2) and 1915A.

**I. ANALYSIS**

  **A. Screening Standard For Pro Se Prisoner Claims**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). In addition to the screening requirements under § 1915A, the Prison Litigation Reform Act requires a federal court to dismiss a prisoner's claim if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *accord* Fed. R. Civ. Proc. 12(b)(6). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "(1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." *Williams v. California*, 764 F.3d 1002, 1009 (9th Cir. 2014) (quotation omitted).

Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* But unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**B. Screening the Amended Complaint**

Oshiro brings a single claim alleging excessive force during his arrest on November 3, 2022. Oshiro alleges that, as he was being discharged from a hospital, LVMPD Officer Bachman arrested him and secured the handcuffs too tightly. He also alleges he asked the officer to loosen the handcuffs to no avail. As a result, on the way to being booked at the Clark County Detention Center, the handcuffs remained tight. Once he arrived at the Clark County Detention Center, his right hand started hurting. After receiving some tests, he was diagnosed with "handcuff neuropathy." He now has nerve damage and cannot feel much on his right wrist. He seeks monetary relief ($2 million dollars).

A claim of excessive force during an arrest is analyzed under the Fourth Amendment's "objective reasonableness" standard. *Graham v. Connor*, 490 U.S. 386, 395-97 (1989). Whether

the use of force by a law enforcement officer was objectively reasonable must be assessed "in light of the facts and circumstances confronting [the officer], without regard to their underlying intent or motivation." *Id.* at 397. "Determining whether the force used to effect a particular seizure is reasonable under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion of the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Id.* at 396 (quotations omitted). In this analysis, the court must consider the following factors: (1) the severity of the crime at issue; (2) whether the plaintiff posed an immediate threat to the safety of the officers or others; and (3) whether the plaintiff actively resisted arrest. *Id.*; *see also Arpin v. Santa Clara Valley Transp. Agen*cy, 261 F.3d 912, 921 (9th Cir. 2001). While the *Graham* factors are guidelines, "there are no per se rules in the Fourth Amendment excessive force context" and the court may examine the totality of the circumstances. *Mattos v. Agarano*, 661 F.3d 433, 441 (9th Cir. 2011) (en banc).

Here, Oshiro states a colorable excessive force claim against Officer Bachman. He alleges that Officer Bachman placed handcuffs on him that were too tight and refused to loosen them when asked to. Liberally construing Oshiro's complaint, it appears he was at a hospital at the time the handcuffs were placed on him, that he did not pose a threat to the officers or anyone else, and that he did not resist arrest. Therefore, Oshiro's excessive force claim should proceed against Officer Bachman.

## II.   CONCLUSION

Accordingly, **IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 4) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court must detach and file Plaintiff's complaint (ECF No. 1-1) and send Plaintiff a courtesy copy of it.

**IT IS FURTHER ORDERED** that the Clerk of Court must send Plaintiff a blank copy of form USM-285.

**IT IS FURTHER ORDERED** that Plaintiff shall have until May 3, 2023 to fill out the required USM-285 form and send it to the U.S. Marshals Service. On the form, Plaintiff must fill in defendant's last-known address.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to issue a summons for the defendant.

**IT IS FURTHER ORDERED** that the Clerk of Court serve a copy of this order, the issued summons, and the operative complaint (ECF No. 1-1) on the U.S. Marshals Service.

**IT IS FURTHER ORDERED** that upon receipt of the USM-285 form, the U.S. Marshals Service shall, in accordance with Federal Rule of Civil Procedure 4(c)(3), attempt service on the defendant.

DATED: April 3, 2023

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE