UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| Perry Brian Oshiro, | Case No. 2:22-cv-02100-APG-BNW |
| Plaintiff, | |
| v. | **ORDER re ECF No. 20** |
| M. Bachman | |
| Defendants. | |

Before the Court is *pro se* Plaintiff Perry Brian Oshiro's motion for appointment of counsel (at ECF No. 20).[1] Defendant Brandon Wolden opposed at ECF No. 68, and Plaintiff replied at ECF No. 70.

Plaintiff moves under 28 U.S.C. 1915(e)(1) to argue that appointment of counsel is appropriate in this case. ECF No. 62 at 1.

## I.    Background

Mr. Oshiro alleges a Fourteenth Amendment excessive force claim in connection with his arrest. ECF No. 5. Specifically, he claims the handcuffs that were placed on him during arrest were too tight, resulting in "handcuff neuropathy." *Id*.

Mr. Oshiro requests a court-appointed attorney, arguing (among other things) that he does not know what steps he needs to take to properly prosecute his case. ECF No. 20.

## II.    Discussion

Civil litigants do not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). In certain circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. For example, courts have discretion, under 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004).

---

[1] Plaintiff moved for appointment of counsel previously. The motion was previously denied because the Court did not "find exceptional circumstances that warrant the appointment of counsel." ECF No. 14.

To determine whether the "exceptional circumstances" necessary for appointment of counsel are present, the court evaluates (1) the likelihood of plaintiff's success on the merits and (2) the plaintiff's ability to articulate his claim *pro se* "in light of the complexity of the legal issues involved." *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn*, 789 F.2d at 1331). A court may find that "exceptional circumstances" exist if a claim is either factually or legally complex. *See, e.g., McElyea v. Babbitt*, 833 F.2d 196, 200 n.3 (9th Cir. 1987) (per curiam) (suggesting that a plaintiff's claim concerning the provision of religious books in prison raises "complicated constitutional issues").

**A. Whether Mr. Oshiro's claim has a likelihood of success on the merits**

As indicated previously, Mr. Oshiro has properly pled one claim of excessive force. ECF Nos. 5 and 14. "The Ninth Circuit has indicated that the articulation of a cognizable claim for relief may itself be sufficient to satisfy the 'merit' analysis on a motion for appointment of counsel." *Turner v. Riaz*, No. 216CV0969MCEACP, 2018 WL 5962726, at *4 (E.D. Cal. Nov. 14, 2018). This factor therefore weighs in favor of appointing counsel.

**B. Whether Mr. Oshiro has an ability to articulate his claim *pro se* "in light of the complexity of the legal issues involved"**

In its previous order denying the appointment of counsel, the Court based its decision, in part, on the notion that Plaintiff seemed to be able to properly articulate his claims. ECF No. 14.

Since then, it has become clear to the Court that Mr. Oshio cannot properly articulate his claim despite the fact that the claim is not particularly complex. To explain, since then, Plaintiff filed a motion to extend time to obtain medical records. ECF No. 15. The Court denied the motion explaining that no scheduling order had been entered and, as a result, there were no deadlines to extend. ECF No. 16. In addition, the Court pointed out that Plaintiff was confused and that Defendants were not seeking to dismiss the claim as no motion to dismiss had been filed. *Id*. It is clear that Plaintiff cannot navigate the case properly without the assistance of counsel. As a result, the Court will exercise its discretion to appoint counsel for Mr. Oshiro.

///

///

1

**III.    Conclusion and Order**

2          Because the Court will exercise its discretion to appoint counsel and grant Mr. Oshiro's motion

3    for appointment of counsel, it will refer the case to the Court's Pro Bono Program to attempt to find an

4    attorney to accept Plaintiff's case. Mr. Oshiro should be aware that the Court has no authority to require

5    attorneys to represent indigent litigants in civil cases under 28 U.S.C. § 1915(d). *Mallard v. U.S. Dist.*

6    *Court for Southern Dist. of Iowa*, 490 U.S. 296, 298 (1989). Rather, when a court "appoints" an

7    attorney, it can only do so if the attorney voluntarily accepts the assignment. *Id.* Additionally, **Mr.**

8    **Oshiro is reminded that until counsel is appointed, he is still responsible for complying with all**

9    **deadlines in his case**. If counsel is found, an order appointing counsel will be issued by the Court and

10   Mr. Oshiro will be contacted by counsel.

11          **IT IS THEREFORE ORDERED** that Plaintiff's motion for appointment of counsel (ECF

12   No. 20) is **GRANTED**.

13          **IT IS FURTHER ORDERED** that this case is referred to the Pro Bono Program adopted in

14   Second Amended General Order 2019-07 for the purpose of screening for financial eligibility (if

15   necessary) and identifying counsel willing to be appointed as *pro bono* counsel for Plaintiff. The scope

16   of appointment shall include the discovery phase through the termination of the case—whether at the

17   dispositive motion phase or trial. Plaintiff is reminded that he must comply with all deadlines currently

18   set in his case and there is no guarantee that counsel will be appointed. If counsel is found, an order

19   appointing counsel will be issued by the Court and Plaintiff will be contacted by counsel. In addition,

20   the Court will schedule a status hearing to further delineate the scope of representation.

21          **IT IS FURTHER ORDERED** that the Clerk of Court must forward this order to the Pro Bono

22   Liaison.

23          DATED: June 14, 2023.

24

25                                                                  _____

26                                                                  BRENDA WEKSLER
                                                                    UNITED STATES MAGISTRATE JUDGE

27

28

                                                         3